IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


GREGORY SMITH,

      Plaintiff,

v.                                            No. 1:07-cv-00720-JCH/RHS

ALLSTATE INSURANCE COMPANY,

      Defendant.


**MEMORANDUM OPINION AND**
**ORDER DENYING DEFENDANT'S MOTION**
**TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

      This matter comes before the court on defendant Allstate Insurance Company's (hereinafter "Allstate") Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) [3].  In addition, the court has considered plaintiff Gregory Smith's Response to Defendant's Motion to Dismiss [6] and the defendant's Reply in Support of Motion to Dismiss Filed August 2, 2007. [12]. For the reasons stated below, the court finds that defendant Allstate's motion is not well taken and will be denied.

      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides, in relevant part, that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading.  A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *See Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811 (1993)(citation omitted).  In considering a Rule 12(b)(6) motion, a court must assume all well-pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable

inferences in favor of a plaintiff.  *See Housing Auth. Of the Kaw Tribe v. City of Ponca*, 952 F.2d 1183, 1187 (10th Cir. 1991), *cert. denied,* 504 U.S. 912 (1992); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir. 1998).  The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will prevail ultimately, but whether a plaintiff is entitled to offer evidence to support his or her claim.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

These deferential rules, however do not allow a court to assume that a plaintiff "can prove facts that [the plaintiff] has not alleged."  *See Associated Gen. Contractors, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).  The rules also do not require a court to accept legal conclusions or unwarranted inferences.  *See United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir. 1994)(citation omitted).

Defendant Allstate moves for dismissal on the following grounds:  1) the discrimination claim should be dismissed because plaintiff has not alleged each of the essential elements of his claim; 2) the contractual claim should be dismissed because the plaintiff does not allege a contractual relationship, either express or implied, between himself and the defendant; and 3) the claim for breach of the implied covenant of good faith and fair dealing must be denied because there is no contractual relationship.

The plaintiff responds arguing that the rules of pleading are to be liberally construed, and mere technicalities should not preclude the consideration of a case on its merits.  (Citation omitted).  Plaintiff also says the pleading requirements are that plaintiff make a short and plain statement of the claim showing that the pleader is entitled to relief.  (Citation omitted).

To be deemed adequate at the pleading stage, a complaint need not use particular words nor demonstrate that plaintiff will prevail on the merits, but need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Swierkiewicz v. Sorema*

2

*N.A.,* 534 U.S. 506, 512-13 (2002) (quoting Fed.R.Civ.P. 8(a)).   The Tenth Circuit has held that

the Federal Rules of Civil Procedure require only that the pleadings give a defendant notice of

the nature of the claims against him.  *Morse v. Regents of the University of Colorado,* 154 F.3d

1124, 1127 (10th Cir. 1998).  Complaints need not spell out every element of a legal theory;

that's the big difference between notice and code pleading.  *Hemenway v. Peabody Coal Co.,*

159 F.3d 255, 261 (7th Cir. 1998).

Defendant Allstate argues the discrimination claim is defectively pled because plaintiff

does not plead that he was otherwise qualified for the position he sought, or that he was denied

the position solely because of his disability.  However the Complaint alleges at paragraph 17 that

plaintiff "could satisfactorily perform his job with proper medication and accommodation, but

was not hired because of his disability/serious medical condition."   While plaintiff does not use

the precise words "otherwise qualified for the position sought" or that he was denied the position

"solely because of his disability," a fair reading of the complaint would give defendant Allstate

adequate notice of the plaintiff's claim.  Thus, although the complaint could be more artfully

drafted, it appears that the facts alleged in the complaint are sufficient to survive a 12(b)(6)

motion.

Defendant Allstate argues the contract claim is defectively pled because plaintiff has not

alleged an express or implied contract existed between the parties.  The facts alleged in the

complaint are that plaintiff was contacted by George Mardini, Allstate's Human Resources

Representative, who told plaintiff he was impressed by his interview and scheduled him for a

pre-employment test.  (Complaint, para. 8).  Plaintiff started to take the test but experienced

great difficulty concentrating due to his Obsessive Compulsive Disorder; he completed the test

and did not receive a passing grade.  (Complaint, para. 9).  Plaintiff contacted  Mardini and told

him he had difficulty with the test because of his serious medical condition/disability (Obsessive

Compulsive Disorder).  After plaintiff disclosed his request for accommodation,  Mardini said he

would waive the testing requirement if he submitted documentation from his physician, and

assured plaintiff that the tests were not work related and if he submitted his documentation,

"everything would be ok."  (Complaint, para. 10).  Plaintiff alleges that he submitted the

documentation and formally requested medical accommodation.  (Complaint, para. 12).  Plaintiff

alleges that thereafter, he was contacted by  Mardini and told that his documentation was not

sufficient and the pre-employment test would not be waived, and Mardini reneged on his

agreement to waive the pre-employment test if plaintiff submitted a letter from his physician.

(Complaint, para. 13).  The court notes that while these facts are rather thin, for pleading

purposes, they are sufficient to survive a 12(b)(6) motion.

Because the court denies the motion to dismiss the contract claim, the court will also

deny at this time the motion to dismiss the claim for breach of the implied covenant of good faith

and fair dealing.

For the foregoing reasons, defendant Allstate's Motion to dismiss Pursuant to

Fed.R.Civ.P. 12(b)(6) is **denied.**

Judith C. Herrera
United States District Judge

4