IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORY SMITH,

       Plaintiff,

vs.                                                  Civ. No. 07-720 JCH/RHS

ALLSTATE INSURANCE COMPANY,

       Defendant.

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS
GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO STRIKE
<u>WITNESSES, MOTION TO COMPEL, AND MOTION FOR SANCTIONS</u>**

      **THIS MATTER** comes before the Court on Defendant's Motion to Strike Witnesses, Motion to Compel, and Motion for Sanctions [docket no. 38]. This matter was referred to the undersigned by the Honorable Judith C. Herrera on May 20, 2008 [docket no. 53]. The undersigned has now considered the motion together with the response and reply thereto and hereby recommends that the motion should be granted in part and denied in part as more fully set forth herein.

<u>*Findings*</u>

      The instant motion to compel addresses difficulties that the parties have experienced relative to Plaintiff's disclosures and medical records. As the motion has been briefed, counsel for the respective parties have in effect resolved many of the issues which were originally brought before the Court. For example, in Plaintiff's Response to Defendant's Motion to Strike Witnesses, Motion to Compel and Motion for Sanctions [docket no. 42] the Plaintiff withdraws

-1-

Dr. Keller as a witness indicating that counsel for both parties have been able to locate him. Secondly, Defendant's Reply in Support of Its Motion to Strike Witnesses filed April 9, 2008 [docket no. 46] acknowledges that Defendant's Motion to Compel is now moot as Plaintiff has provided medical records from 2005 which were procured from Lovelace Hospital.  Defendant also advises the Court that it is willing to withdraw its request to compel Plaintiff to reproduce all documents, affixing Bates-labels to each document.  Therefore, there remains for resolution and ruling by the Court the question as to whether Dr. Neil Arnet should be stricken as an expert witness and whether sanctions are warranted based on Plaintiff's alleged lack of cooperation leading to the necessary filing of Allstate's motion to compel.  As concerns Dr. Arnet, Defendant states that the allegations in the instant lawsuit reference events occurring only in the calendar year 2005.  Defendant alleges that Dr. Arnet saw Plaintiff two times as his treating physician over a period of two weeks in February and March, 2007, and that Dr. Arnet has no knowledge whatsoever of Plaintiff's condition in 2005 other than what he may have been told in 2007. Defendant believes that any opinion by Dr. Arnet concerning Plaintiff's need for testing accommodations in 2005 would be based upon information not learned through personal observation and therefore would require that Dr. Arnet be designated as an expert witness and that an expert report be published.  Plaintiff insists that Dr. Arnet is a treating physician who will testify that Plaintiff suffers from Obsessive-Compulsive Disorder which is a life-long affliction. The issue of whether Dr. Arnet will be allowed to testify at trial on the merits is properly before the trial court and should be raised by motion in limine.  As to Defendant's motion for sanctions, there has not been a wilful refusal to provide contact information for Dr. Keller.  At best, Plaintiff's counsel should be cautioned to always obtain proper contact information prior to

-2-

designating a former treating physician as a witness, or, in the alternative, designate the treating physician as a witness with a clear indication that immediate contact information is unavailable and will be provided by a date certain.  Plaintiff has through the course of briefing this matter withdrawn Dr. Keller as a witness and the Court cannot conclude that any further sanction is appropriate.

### *Recommendations*

**THE COURT RECOMMENDS** that Defendant's Motion to Strike Witnesses, Motion to Compel, and Motion for Sanctions [docket no. 38] is should be granted in part and denied in part as follows:

1. The motion should be granted to the extent that Plaintiff has voluntarily withdrawn Dr. Keller as a witness and Dr. Keller shall not be allowed to testify as an expert or fact witness in any manner whatsoever at trial on the merits.

2. The motion should be denied to the extent that Plaintiff may continue to designate Dr. Arnet as an expert witness under Plaintiff's argument that Dr. Arnet is treating physician.  The ultimate issue as to whether Dr. Arnet will be allowed to testify at trial on the merits as an expert witness lies within the discretion of the trial court and Defendant may file a motion in limine seeking to preclude this testimony reciting the argument contained in Defendant's Motion to Strike [docket no. 38].

3. Defendant's Motion for Sanctions should be denied.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE