IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREGORY SMITH,

    Plaintiff,

vs.                                                      Civ. No. 07-720 JCH/RHS

ALLSTATE INSURANCE COMPANY,

    Defendant.

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS
GRANTING DEFENDANT'S SECOND MOTION TO STRIKE WITNESS**

**THIS MATTER** comes before the Court on Defendant's Second Motion to Strike Witness [docket no. 50].  It was referred to the undersigned by Order of Reference dated May 20, 2008 [docket no. 53].  The undersigned has now considered the motion together with the response and reply and hereby recommends that the motion be granted.

*Findings*

Defendant's Second Motion to Strike Witness [docket no. 50] addresses the continued difficulties Defendant has encountered relative to identifying Plaintiff's expert witnesses.  On May 6, 2008, Plaintiff served his "First Supplemental Rule 26 Initial Disclosures" to counsel for Defendant and at that time listed as a current treating physician, Dr. Stephen Sacks.  In his Response [docket no. 60], Plaintiff only advises the Court that Dr. Sacks has been disclosed as a treating physician who rendered medical treatment to the Plaintiff.  Plaintiff argues that Dr. Sacks was not retained as an expert for this litigation and would only testify as to the treatment he administered to Plaintiff.  This designation is suspect.  First, Plaintiff does nothing to

-1-

Case 1:07-cv-00720-JCH-RHS   Document 65   Filed 06/11/08   Page 2 of 3

enlighten the Court as to the nature of Dr. Sacks' medical practice, the reason he was contacted by Plaintiff for medical treatment, the dates and location of medical treatment and services rendered, or any specific reason that Plaintiff waited months until after the close of discovery to list Dr. Sacks as a witness.  The pleadings indicate that Plaintiff testified in his deposition on February 26, 2008, that he had started treatment with Dr. Sacks (Motion at Page 3).  Plaintiff then waited until discovery had closed to supplement his disclosures.  Plaintiff did not provide Defendant with a HIPAA release as to the records from Dr. Sacks' office nor can the Court conclude that as of the date and time of the filing of this report, Dr. Sacks' medical records have been voluntarily produced to Defendant by Plaintiff.  All of the foregoing causes the undersigned to question whether Dr. Sacks is a treating physician, or, in the alternative, an independent medical provider who has been retained in the nature of an expert witness.  In either event, Plaintiff's late disclosures have caused the Defendant to be unable to prepare and file dispositive motions within the case management deadlines (dispositive motions were to have been filed by May 19, 2008).  Plaintiff has not produced any expert witness report for Dr. Sacks but rather makes reference to a decision by Judge Garcia in another lawsuit which is intended to advise the Court that Plaintiff realizes that if Dr. Sacks were to be called as an expert witness, an expert witness report would be required.  Considering the issues raised in Defendant's Second Motion to Strike as well as the other discovery problems caused by Plaintiff and addressed in the Proposed Findings of Fact and Recommendations previously filed [docket no. 58], the Court concludes that there is nothing present in the record to verify that Dr. Sacks is a treating physician whose services were sought independently by Plaintiff in February, 2008.  To the contrary, it appears  that Plaintiff's "First Supplemental Rule 26 Initial Disclosures" listing Dr.

Sacks as an expert witness is an attempt to retain an expert witness past the deadline for disclosure (January 11, 2008). Plaintiff has done nothing in compliance with the case management deadlines which are in place. He has not made an appropriate record such that the undersigned could determine that Dr. Sacks is a primary care doctor whose services have recently been sought. Plaintiff should properly have filed a motion seeking permission from the Court to make this late disclosure, adjust case management deadlines, and otherwise accommodate Defendant with fairness and justice.

### *Recommendations*

The undersigned recommends that Defendant's Second Motion to Strike Witness [docket no. 50] be granted and that Dr. Stephen Sacks be stricken as a witness who will testify on behalf of Plaintiff at the time of trial on the merits.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE